IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED,

    Plaintiffs,

v.

CHS MCPHERSON REFINERY, INC. (F/K/A
NATIONAL COOPERATIVE REFINERY
ASSOCIATION),

    Defendant.

Case No. 16-CV-1015-EFM-GLR

**MEMORANDUM AND ORDER**

Plaintiffs bring this action against Defendant for alleged copyright infringement of Plaintiffs' publication *Oil Daily* from at least June 2004 through the present. This matter comes before the Court on Plaintiffs' Motion to Compel Supplemental Answers to Discovery Requests (ECF 56). Plaintiffs move to compel Defendant to supplement its Answers to Plaintiffs' First Set of Interrogatories. The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies Plaintiffs' motion to compel.

**I.    Procedural History**

Plaintiffs served their First Requests for the Production of Documents and Things and First Set of Interrogatories on Defendant on March 24, 2016. In their Interrogatories Plaintiffs asked for information about the identities of people who had received or distributed Plaintiffs' publications and the identities of Defendant's employees who copied or saved Plaintiffs' publications, as well as identifying information for the particular publications that Defendant received, distributed, and/or copied. Plaintiffs identified June 2004 through the date of the

1

discovery requests as the "Applicable Period" for production of documents and Answers to the Interrogatories.

Defendant responded to both of Plaintiffs' discovery requests on May 2, 2016.[1] In responding to the Interrogatories, Defendant raised several objections. Of relevance to this matter, Defendant made the following objection in responding to the Interrogatories: "Plaintiffs make no mention of a reasonable time period in which relevant information may be found and [Defendant] objects to Plaintiffs' definition of the 'applicable period,' which extends over twelve years."[2] In accordance with this objection, Defendant answered the Interrogatories by providing information relevant only to the years 2013 through 2016. Defendant did not make a similar objection regarding the time period for production of documents. However, when Defendant produced its first batch of documents responsive to Plaintiffs' discovery requests on August 22, 2016, it provided no documents from earlier than September 2012.[3]

On September 28, 2016, Plaintiffs wrote to Defendant regarding its document production and Answers to Interrogatories. Plaintiffs acknowledged that Defendant had not produced documents from earlier than 2012, and that Defendant had answered the Interrogatories with information dating back only to January 2013.[4] Plaintiffs requested that Defendant supplement its document production and Answers to the Interrogatories "for the entire Applicable Period for each response."[5]

Defendant sent a letter in response on October 26, 2016, in which it summarized the parties' communications during the previous month regarding discovery issues. Defendant

---

[1] ECF 64-1.
[2] *Id.* at 3–5.
[3] ECF 64-2.
[4] *Id.*
[5] *Id.*

reiterated its objection to the time period for answering the Interrogatories and explained why it produced documents dating back only to 2012.[6]

On November 4, 2016, Plaintiffs sent a letter to this Court a letter, summarizing the discovery dispute regarding the "Applicable Period" and the attempts of the parties to meet and confer about this issue.[7] Plaintiffs summarized Defendant's responses to their discovery requests as follows:

> In a letter to [Plaintiffs] dated October 14, 2016, [Defendant] stated that it would not produce documents responsive to [Plaintiffs'] document requests for the time period of 2004 through 2012, based on [Defendant's] statute of limitations affirmative defense. This was the first time such an objection was raised by Defendant to Plaintiffs' discovery requests.[8]

Plaintiffs did not explicitly refer to their Interrogatories or Defendant's objections as to the "Applicable Period," in the November 4 letter to the Court. On November 9 Plaintiffs filed a Motion for Extension of Time to File a Motion to Compel related to Defendant's responses to Plaintiffs' requests for production of documents.[9] Defendant also sent a letter to the Court on November 8, 2016, summarizing the dispute about the time period for discovery responses.[10]

The Court held a discovery conference on December 12, 2016. It entertained argument by the parties as to the time period issue. It granted Plaintiffs' motion for extension of time in part. Specifically, the Court granted Plaintiffs leave to "file motions to compel as to its First and Second Requests for Production," but reserved ruling on the timeliness of such motions.[11]

---

[6] ECF 64-3.
[7] ECF 64-4.
[8] *Id.* at 1.
[9] ECF 34 at 2. Plaintiffs' motion did not mention their Interrogatories or Defendant's Answers thereto.
[10] ECF 64-5.
[11] ECF 41.

3

After the December 12 discovery conference, the parties continued to confer about the time period issue. On December 22, 2016, Plaintiffs sent Defendant an e-mail, memorializing their agreement to split the costs for retrieving documents for the period of 2004–2011.[12] Plaintiffs did not mention any communications regarding Defendant's Answers to their Interrogatories.[13] Also on December 22, Plaintiffs filed a motion for extension of time to file a motion to compel. Plaintiffs referenced their agreement with Defendant regarding production of documents and asserted that a motion to compel likely would not be necessary, but in any event moved for "an extension of time to file a Motion to Compel on Defendant's responses to Plaintiffs' First and Second Requests for the Production of Documents and Things for thirty (30) days from the proposed production date, namely up to and including March 15, 2017."[14] The Court granted Plaintiffs' motion on January 6, 2017.

On February 2, 2017, pursuant to the parties' agreement, Defendants produced additional documents from the entire "Applicable Period" identified in Plaintiffs' document requests.[15] On February 28, Defendant supplemented its Answers to Plaintiffs' Interrogatories by providing additional information from 2013 through the date of its supplementation.[16] The parties met and conferred on March 6, 2017, at which time Plaintiff raised its concern that Defendant provided supplemental information from only 2013 forward. Defendant again raised its objection as to the applicable time period.

---

[12] ECF 64-6.
[13] *See id.*
[14] ECF 44 at 2.
[15] ECF 64-7.
[16] ECF 56-1.

## II. Discussion

Plaintiffs move to compel Defendant to fully answer Interrogatory Number One with all relevant information from the "Applicable Period" and full references to the individual copyrighted works at issue in this case. Defendant responds that Plaintiffs' motion is untimely and that a ruling in favor of Plaintiffs would subject Defendant to unduly burdensome and non-proportional discovery obligations. Before proceeding to Defendant's arguments as to undue burden and proportionality, the Court first addresses whether Plaintiffs' motion is timely.

Pursuant to D. Kan. Rule 37.1(b),

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.[17]

This provision of the rules also appears in the Scheduling Order in this case, with the added warning that, "Otherwise, the objection to the default, response, answer, or objection is waived. _See_ D. Kan. Rule 37.1(b)." (ECF 27 at 9)

This Court has consistently held that the thirty-day period in which to file a motion to compel is triggered when specific information first leading to a dispute is discovered, and this period is not tolled while the parties continue to confer on discovery issues.[18] As this Court has previously explained,

> the deadline of 30 days is not tolled while the parties are engaged in conferring efforts to resolve the discovery dispute without court intervention. Instead, the common practice in this District is for a party to request, prior to its expiration, an extension of its deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring. Although courts on occasion

---

[17] D. Kan. Rule 37.1(b).

[18] _E.g._, _McCoy v. Miller_, No. 12-3050-JAR, 2013 WL 5966139, at *2 (D. Kan. Nov. 8, 2013) (citations omitted); _Cont'l Cas. Co. v. Multiservice Corp._, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008).

have excused the untimely filing of a motion to compel under certain circumstance, those decisions do not indicate a common practice of the Court.[19]

The Court finds that Plaintiffs' motion is not timely under Rule 37.1(b). Defendant filed its Answers to the Interrogatories on May 2, 2016. These answers contained the objections to the "Applicable Period" that are the subject of the instant motion to compel.[20] Thus, Plaintiffs were on notice of Defendant's objection nearly eleven months before they filed their motion to compel on March 30, 2017. Although the parties communicated to a very limited extent about the Interrogatories during that nearly eleven-month time span,[21] these meetings and conferences did not toll the Rule 37.1 clock.[22] Plaintiffs' motion is therefore untimely.

Additionally, the parties' communications and the Court's intervention with regard to Defendant's *document production* did not toll the deadline for Plaintiffs to file a motion to compel as to the *Interrogatories*. As explained above, the parties communicated extensively regarding the time period issue in relation to Defendant's document production, and the Court twice extended the time for Plaintiff to file a motion to compel concerning document production, while reserving ruling on the timeliness of such a motion.[23] Although the time period issue was relevant to both the document production and the Interrogatories, the parties' communications among themselves and with the Court related only to document production, not Defendant's

---

[19]*Layne Christensen Co. v. Purolite Co.*, No. 09-2381-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011) (internal citations omitted).

[20]Plaintiffs also refer in passing in their Reply to alleged "gaps" in Defendants' document production, and argue that Defendant's supplemental Interrogatory Answers also lack "information clearly missing from the Supplemental Production." ECF 69 at 4. The alleged "gaps" in Defendants' document production would be appropriate for a timely motion to compel document production, rather than the present motion to compel interrogatory answers. Additionally, because this issue was raised for the first time in Plaintiffs' Reply, the Court does not consider it. *Wooten v. Bd. of Pub. Utilities of Kan. City, Kan.*, No. 95-2182-GLR, 1997 WL 45275, at *2 (D. Kan. Jan. 30, 1997) ("As a general rule, courts do not consider new arguments and issues presented in a reply brief, because the party opposing the motion 'has not had an opportunity to respond.'") (citation omitted).

[21]*See* ECF 64-2.

[22]*Layne Christensen Co.*, 2011 WL 124538, at *3.

[23]ECF 41, 45.

Answers to the Interrogatories. Additionally, the Court's Orders granting extensions of time related only to motions to compel document production, not supplemental answers to the Interrogatories.[24] This was for good reason too, as Plaintiffs were not on notice of Defendant's concerns about the time period for production until late August 2016, thereby making a motion to compel as to document production arguably timely after the parties had conferred extensively about document production beginning in September 2016. By contrast, Plaintiffs were clearly on notice of Defendant's time period objection to the Interrogatories by May 2, 2016, and the parties did not confer about it. Thus, although the Court extended the time for Plaintiffs to file a motion to compel as to document production, these extensions clearly did not apply to any motion to compel responses to Interrogatories. Plaintiffs' motion to compel Defendant to supplement its Answers to the Interrogatories is therefore untimely, notwithstanding the granting of leave to file motions to compel document production.

In their Reply Plaintiffs argue that the triggering date for the 30-day deadline set forth in Rule 37.1(b) is February 28, 2017, the date Defendant supplemented its Answers to the Interrogatories. To support this argument, Plaintiffs rely on *Neonatal Product Group, Inc. v. Shields*.[25] In *Shields*, the producing party served their objections to the requests for production on August 31.[26] On September 24, the producing party produced supplemental documents, which included service of certain redacted documents.[27] The requesting party filed a motion to compel the producing party to produce the supplemental documents in un-redacted form.[28] The Court held that the triggering date for purposes of the 30-day deadline under Rule 37.1(b) was

---

[24]ECF 41, 45.

[25]No. 13-2601-DDC, 2015 WL 7078796 (D. Kan. Nov. 13, 2015).

[26]*Id.* at *2.

[27]*Id.*

[28]*Id.*

September 24, the date of service of the redacted documents, rather than August 31, the date of the initial discovery objections.[29] The Court explained that September 24 was the triggering date because "[p]rior to September 24, [the requesting party] could not have predicted that [the producing party] would serve a redacted copy of the document and that they would be in a position in which they would need to compel production of an unredacted copy."[30] Plaintiffs argue that, as in *Shields*, the triggering date for the instant motion is February 28, 2017, the date of Defendant's supplemental Answers to the Interrogatories, rather than the initial Answer and objection served on May 2, 2016.

The holding in *Shields*, however, is readily distinguishable from this case. In *Shields*, the requesting party was unaware of the subject of its motion (the redacted nature of the supplemental documents) until the redacted supplemental documents were produced.[31] Unlike in *Shields*, Plaintiffs here were aware of the subject of their motion to compel and Defendant's objection against the time period for answering the Interrogatories, upon Defendant's service of its Answer to the Interrogatories on May 2, 2016. Indeed, the Court in *Shields* distinguished the analysis in that case from the course of events at issue here:

> To be clear, the undersigned distinguishes this scenario from a situation involving a motion to compel asking the court to overrule certain timely lodged discovery objections. In that case, the discovering party would have notice of the dispute at the time the responding party served the objections. Here, however, [the requesting party's] motion to compel is timely because they filed it within 30 days of service of the redacted copy of the term sheet licensing agreement—the supplemental discovery response that is the subject of the motion to compel.[32]

By contrast, Plaintiffs here were on notice of Defendant's objection as to the "Applicable Period" upon Defendant's service of its Answers to the Interrogatories. Although Defendant

---
[29]*Id.*
[30]*Id.*
[31]*Id.*
[32]*Id.* at *3.

8

supplemented its Answers in February 2017 and again raised its objection as to the time period, Plaintiffs were already on notice of the objection for approximately ten months. Accordingly, the Court finds that the motion to compel, filed nearly eleven months after the triggering date under Rule 37.1(b), is untimely.

Plaintiffs also argue in their Reply that, even if their motion is untimely, the Court should consider it because "good cause" exists under Rule 37.1(b). They rely on two cases in which this Court considered motions to compel that were filed more than 30 days after the Rule 37.1(b) triggering date.[33] In those cases the Court found that "good cause" existed for consideration of the untimely motions, because the requesting party met and conferred with opposing counsel prior to the 30-day deadline, communicated with counsel regarding the discovery disputes at issue, and had a pre-motion conference with the assigned magistrate judge regarding the discovery issues.[34] Those factors are not present in this case. Here Plaintiffs did not communicate their concerns to Defendant regarding the Answer to the Interrogatories until September 2016, well outside the 30-day deadline. In fact, the parties did not meet and confer about the Interrogatories until March 6, 2017.[35]

Additionally, although the parties communicated extensively and involved the Court regarding the time period as it related to document production, they did not communicate and the Court did not hear from them as to an issue related to the Interrogatories. While there may have been good cause to consider an untimely motion to compel document production, a subject about which the parties and the Court had repeatedly communicated, good cause does not similarly

---

[33]*Chicago Tribune Co., LLC v. Masterpiece Mktg. Grp., LLC*, No. 13-2157-CM-KGG, 2014 WL 644941 (D. Kan. Feb. 19, 2014); *McNabb v. City of Overland Park*, No. 12-CV-2331 CM/TJJ, 2014 WL 1493124 (D. Kan. Apr. 16, 2014).

[34]*Chicago Tribune*, 2014 WL 644941, at *2; *McNabb*, 2014 WL 1493124, at *2.

[35]ECF 56 at 2.

exist to consider an untimely motion to compel additional answers to the Interrogatories. Because motion is untimely and for lack of an adequate showing of good cause to address it, the Court denies Plaintiffs' motion to compel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Compel Supplemental Answers to Discovery Requests (ECF 56) is **denied**.

Dated: June 26, 2017

<u>*s/Gerald L. Rushfelt*</u>
Gerald L. Rushfelt
U.S. Magistrate Judge