IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

ENERGY INTELLIGENCE GROUP, INC.   )
and ENERGY INTELLIGENCE GROUP     )
(UK) LIMITED,                       )
                                    )
              Plaintiffs,     )  District Court
vs.                            )  Case No.
                            )  16-1015
CHS McPHERSON REFINERY, INC.     )
(F/K/A NATIONAL COOPERATIVE      )
REFINERY ASSOCIATION),          )
                                    )
              Defendant.      )

DAILY TRANSCRIPT OF JURY TRIAL
VOLUME I

On the 14th day of May, 2018, came on to be heard proceedings in the above-entitled and numbered cause before the HONORABLE ERIC F. MELGREN, Judge of the United States District Court for the District of Kansas, sitting in Wichita, commencing at 1:45 p.m. Proceedings recorded by machine shorthand.  Transcript produced by computer-aided transcription.

APPEARANCES:
The plaintiffs appeared by and through:
        Mr. Richard L. Honeyman
        Hite, Fanning & Honeyman, LLP
        100 North Broadway
        Suite 950
        Wichita, Kansas  67202

        Nathan Sommers Jacobs
        Mr. George R. Gibson
        2800 Post Oak Boulevard
        61st Floor
        Houston, Texas  77056

        Mr. Robert L. Powley
        Mr. Stephen M. Ankrom
        Mr. David A. Jones
        Powley & Gibson, P.C.
        304 Hudson Street
        Suite 305
        New York, New York 10013

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 2 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    2

The defendant appeared by and through:
Mr. Christopher A. McElgunn
Klenda Austermann LLC
1600 Epic Center
301 North Main
Wichita, Kansas 67202-4816

Mr. Dean C. Eyler
Mr. Loren L. Hansen
Ms. Molly R. Littman
Gray, Plant, Mooty, Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 3 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

3

| | | |
|---|---|---|
| 13:20:53 | 1 | CLERK BODECKER:  All rise. |
| 13:34:06 | 2 | THE COURT:  Good afternoon.  You may be seated. |
| 13:34:07 | 3 | I apologize for keeping you waiting just a few |
| 13:34:11 | 4 | minutes.  I've been on a budget conference call. |
| 13:34:18 | 5 | Before we bring the jury up, I had an email this |
| 13:34:22 | 6 | morning about a dispute on exhibits which, candidly, I |
| 13:34:27 | 7 | didn't understand, in part because our records when we |
| 13:34:30 | 8 | went through the limine conference didn't have exhibit |
| 13:34:32 | 9 | numbers on it so it was kind of hard to tell what you |
| 13:34:36 | 10 | were talking about since you only gave us the exhibit |
| 13:34:37 | 11 | numbers in the email and the email quoted, I assume, the |
| 13:34:40 | 12 | transcript where it appeared that I ruled on issues in |
| 13:34:43 | 13 | what appeared to be an unequivocal way so I'm confused as |
| 13:34:46 | 14 | to what the issue was and thought if we could sort of |
| 13:34:49 | 15 | quickly address that, I would try to do that before we |
| 13:34:53 | 16 | proceeded. |
| 13:34:54 | 17 | MR. GIBSON:  Judge, George Gibson. |
| 13:34:56 | 18 | THE COURT:  You know what?  I apologize, counsel, |
| 13:34:58 | 19 | give me just a second.  I'm running here and I need to do |
| 13:35:01 | 20 | this formally. |
| 13:35:02 | 21 | The Court calls for trial the case of Energy |
| 13:35:07 | 22 | Intelligence Group, Inc., versus CHS McPherson Refinery, |
| 13:35:11 | 23 | Inc., and the first thing I should have done before I |
| 13:35:13 | 24 | started carrying on was ask for appearances, so let's do |
| 13:35:16 | 25 | that since we are formally starting the case. |

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 4 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

4

| | | |
|---|---|---|
| 13:35:18 | 1 | MR. GIBSON:  Thank you, Judge.  Good afternoon. |
| 13:35:20 | 2 | George Gibson here -- here for the plaintiffs. |
| 13:35:23 | 3 | MR. HONEYMAN:  Richard Honeyman for the plaintiff |
| 13:35:26 | 4 | as well, Your Honor. |
| 13:35:28 | 5 | MR. POWLEY:  Good afternoon, Your Honor, Robert |
| 13:35:32 | 6 | Powley on behalf of the plaintiffs. |
| 13:35:36 | 7 | MR. ANKROM:  Good afternoon, Your Honor, Steve |
| 13:35:38 | 8 | Ankrom on behalf of plaintiffs. |
| 13:35:44 | 9 | THE COURT:  Is that it for our plaintiffs? |
| 13:35:46 | 10 | MR. GIBSON:  And just from the companies we have |
| 13:35:48 | 11 | Mr. John Hitchcock. |
| 13:35:50 | 12 | MR. HITCHCOCK:  Good afternoon, Your Honor. |
| 13:35:52 | 13 | MR. GIBSON:  And I'm sorry, Mr. Mark Wellman, as |
| 13:35:55 | 14 | well. |
| 13:35:56 | 15 | THE COURT:  Thank you. |
| 13:35:58 | 16 | For defendants? |
| 13:36:00 | 17 | MR. EYLER:  Good afternoon, Your Honor, Dean Eyler |
| 13:36:02 | 18 | for defendant. |
| 13:36:04 | 19 | MR. HANSEN:  Good afternoon, Your Honor.  Loren |
| 13:36:07 | 20 | Hansen for the defendant, and with me is our corporate |
| 13:36:10 | 21 | representative Mark Jundt. |
| 13:36:12 | 22 | THE COURT:  Jones? |
| 13:36:14 | 23 | MS. HANSEN:  J-u-n-d-t, Jundt. |
| 13:36:17 | 24 | THE COURT:  I'm sorry, one more time, J-u-n -- |
| 13:36:21 | 25 | MS. HANSEN:  D-T. |

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 5 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    5

| 13:36:21 | 1 | THE COURT:  Thank you. |
| 13:36:23 | 2 | MR. MCELGUNN:  Your Honor, please, Chris McElgunn |
| 13:36:26 | 3 | for the defendant. |
| 13:36:27 | 4 | MS. LITTMAN:  Your Honor, Molly Littman for the |
| 13:36:31 | 5 | defendant. |
| 13:36:37 | 6 | THE COURT:  All right.  Thank you.  Now that I've |
| 13:36:40 | 7 | caught myself up with where we're at, let's talk about |
| 13:36:43 | 8 | the exhibit issue briefly if we can do so briefly, and |
| 13:36:45 | 9 | then I believe our jury is ready to come up and begin |
| 13:36:48 | 10 | selection at that point. |
| 13:36:49 | 11 | Mr. Gibson? |
| 13:36:50 | 12 | MR. GIBSON:  Your Honor, to address the issues, we |
| 13:36:53 | 13 | did go over a number of the defendant's exhibits, and you |
| 13:36:56 | 14 | did state, as the record shows, that you overruled our |
| 13:37:01 | 15 | objections.  But Your Honor also stated, and we thought |
| 13:37:04 | 16 | that we had clarified on the record, that you were going |
| 13:37:06 | 17 | to withhold relevance decisions until the exhibits were |
| 13:37:11 | 18 | used and offered in context, so you could see how they |
| 13:37:14 | 19 | were going to be used.  And so that's -- it's for that |
| 13:37:16 | 20 | reason that we did not, you know -- so those -- I think |
| 13:37:20 | 21 | it's eight, I don't remember the exact number, I could be |
| 13:37:22 | 22 | corrected, on the number of exhibits that we said, well, |
| 13:37:25 | 23 | we're not going to stipulate to those because we believe |
| 13:37:27 | 24 | -- as we believe we understood that those relevance |
| 13:37:30 | 25 | objections would be taken up in context. |

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 6 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    6

| | | |
|---|---|---|
| 13:37:32 | 1 | THE COURT:  So you're reserving a relevance |
| 13:37:33 | 2 | objection you think may develop at the appropriate place |
| 13:37:35 | 3 | in the trial? |
| 13:37:36 | 4 | MR. GIBSON:  Yes, Judge. |
| 13:37:37 | 5 | THE COURT:  All right. |
| 13:37:38 | 6 | MR. EYLER:  Your Honor, we tried to break the few |
| 13:37:41 | 7 | exhibits that are still left into two categories.  And we |
| 13:37:45 | 8 | understand that there were some of those exhibits that |
| 13:37:48 | 9 | you denied their motion in limine on but said you would |
| 13:37:51 | 10 | withhold judgment, even some of them you expressed some |
| 13:37:55 | 11 | skepticism about, and we took that to heart and we've |
| 13:37:58 | 12 | actually limited a few of those. |
| 13:37:59 | 13 | And so what we did is we divided the rest of those |
| 13:38:03 | 14 | into two categories.  The first group was the ones that |
| 13:38:05 | 15 | we thought you were unequivocal on that and had overruled |
| 13:38:07 | 16 | their objections on and said they were coming in; and the |
| 13:38:08 | 17 | second ones were the ones where you said you were going |
| 13:38:10 | 18 | to wait and see the relevance, and so we were asking |
| 13:38:12 | 19 | simply that the first group of exhibits where we thought |
| 13:38:18 | 20 | it was clear and we thought the transcript was quite |
| 13:38:19 | 21 | clear what Your Honor ruled should be part of what is |
| 13:38:22 | 22 | preadmitted. |
| 13:38:23 | 23 | THE COURT:  Are these exhibits that you plan to |
| 13:38:25 | 24 | use in your opening statement? |
| 13:38:27 | 25 | MR. EYLER:  No. |

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 7 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

7

13:38:29   1          THE COURT:  Then why does it need to be determined

13:38:32   2   at this point as opposed to when they're offered in

13:38:34   3   trial?  I mean, certainly to the extent they can be

13:38:36   4   preadmitted it certainly saves us some time at trial, but

13:38:39   5   that horse is gone now since we're discussing it, so why

13:38:42   6   is it something that we have to resolve at this point

13:38:44   7   since it's not an exhibit you want to use during opening?

13:38:46   8          MR. HANSEN:  We could wait, that would be fine.

13:38:48   9   We just wanted to get on the same page about it.

13:38:50  10          THE COURT:  All right.  Well, let's wait since

13:38:52  11   there's no urgency for it.  I think that's our best bet.

13:38:55  12          Anything else we need to talk about before we

13:38:57  13   bring the jury up?

13:38:59  14          MR. GIBSON:  From our side, we're ready, Judge.

13:39:01  15          THE COURT:  Or I guess the panel up to select a

13:39:03  16   jury.

13:39:03  17          All right, as I think I indicated to you all

13:39:06  18   during initial voir dire each side will have about, what

13:39:08  19   did I give you?  30 minutes, I think --

13:39:09  20          MR. GIBSON:  Yes, Judge.

13:39:10  21          THE COURT:  -- for selection after that?

13:39:11  22          We'll pass the peremptory sheet among them and

13:39:15  23   we'll roll into opening statements and, God willing and

13:39:20  24   the creek don't rise, maybe we'll get some evidence on

13:39:23  25   this afternoon.

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 8 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    8

13:39:23  1          Let's take a brief recess while we bring the jury

13:39:26  2   up.

13:39:27  3          All right, we'll take probably a ten-minute

13:39:29  4   recess, our panel will come up and we'll commence with

13:39:32  5   the jury selection.

13:39:32  6          CLERK BODECKER:  All rise.

13:39:33  7          (A recess was taken from 1:39 P.M. to 1:53 P.M.)

13:53:54  8          COURTROOM DEPUTY:  All rise.

13:53:55  9          Hear ye, hear ye, hear ye, United States District

13:53:59  10  Court for the District of Kansas is now in session, the

13:54:01  11  Honorable Eric F. Melgren, presiding.

13:54:04  12          God save these United States and this honorable

13:54:08  13  court.

13:54:09  14          THE COURT:  Good afternoon, ladies and gentlemen.

13:54:11  15  You may be seated.

13:54:12  16          Good afternoon, ladies and gentlemen.  My name is

13:54:18  17  Eric Melgren.  I'm a United States District Court judge

13:54:21  18  here for the federal court in the District of Kansas, and

13:54:23  19  I'll be presiding over this trial that involves

13:54:27  20  allegations of violations of copyright.

13:54:30  21          Assisting me is my courtroom deputy, Cindy McKee,

13:54:33  22  who just opened court for us; my court reporter, Jo

13:54:35  23  Wilkinson, who's making an excellent transcript of these

13:54:39  24  proceedings, primarily probably for post-trial purposes;

13:54:42  25  and my law clerk Alicia Bodecker, who will be assisting

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 9 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    9

13:54:45   1   me throughout trial in this case.

13:54:46   2        The case begins with jury selection.  I'm going to

13:54:50   3   ask that each member of the jury panel stand at this time

13:54:54   4   and be sworn.

13:54:55   5        Are there any requiring affirmation?

13:54:57   6        COURTROOM DEPUTY:  No.

13:54:58   7        THE COURT:  Very well.  If you will each stand and

13:54:59   8   be sworn.

13:55:00   9        COURTROOM DEPUTY:  If you would all raise your

13:55:03  10   right hand, please.

13:55:03  11        You and each of you do solemnly swear that when

13:55:07  12   you are examined by the Court or counsel as to your

13:55:12  13   qualifications to serve as jurors at this session of the

13:55:16  14   court, you will true answers make to such questions as

13:55:21  15   may be propounded to you touching your qualifications to

13:55:26  16   serve as a juror, so help you God?

13:55:27  17        If so, please say, "I do."

13:55:31  18        (JURY IN UNISON):  I do.

13:55:32  19        COURTROOM DEPUTY:  Thank you.

13:55:32  20        THE COURT:  Thank you.  You may be seated.

13:55:34  21        I'm now going to have the clerk fill the jury box.

13:55:38  22   Just as you all were randomly selected to appear here

13:55:41  23   this morning, you've also been randomly sorted, and she's

13:55:45  24   going to call the first 14 of you on that sort list to

13:55:52  25   seat as she'll direct you in these seats here to the

5-14-18  EIG vs. CHS  Case No. 16-1015

10

| | | |
|---|---|---|
| 13:55:55 | 1 | north side of the courtroom, and once the jury box has |
| 13:55:58 | 2 | been filled, I'll give you our next step of instructions. |
| 13:56:01 | 3 | Ms. McKee, would you fill the jury box, please. |
| 13:56:03 | 4 | COURTROOM DEPUTY:  Okay. |
| 13:56:03 | 5 | (Prospective jurors impaneled which proceedings |
| 13:56:03 | 6 | not requested transcribed.  Eight jurors sworn, and |
| 16:05:02 | 7 | proceedings then continue:) |
| 16:05:02 | 8 | THE COURT:  Thank you.  I think what I'm going to |
| 16:05:06 | 9 | do, members of the jury, at this point is take about ten |
| 16:05:08 | 10 | minutes or so, 10 or 15 minutes, I'm going to have you go |
| 16:05:11 | 11 | with Ms. McKee and Ms. Bodecker to the jury room, she's |
| 16:05:15 | 12 | going to give you a brief orientation, we're going to |
| 16:05:19 | 13 | kind of prepare to proceed. |
| 16:05:20 | 14 | I'm going to have you come back at a minimum |
| 16:05:22 | 15 | probably for some preliminary instructions that I'll give |
| 16:05:25 | 16 | you before we proceed for the night after that |
| 16:05:29 | 17 | orientation, and then we will proceed with the trial |
| 16:05:31 | 18 | tomorrow, but let's take -- I'm sure it will be about 15 |
| 16:05:36 | 19 | minutes, let's take about a 15-minute recess for a little |
| 16:05:39 | 20 | bit of orientation, she'll give you some notebooks you |
| 16:05:42 | 21 | can keep notes in and then we'll come back and I'll |
| 16:05:45 | 22 | address your roles and your service from that not point. |
| 16:05:47 | 23 | Court will be in recess until that time.  The jury |
| 16:05:49 | 24 | may go with Ms. McKee and Ms. Bodecker. |
| 16:06:23 | 25 | (The jury leaves the courtroom.) |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 11 of 33

5-14-18   EIG vs. CHS   Case No. 16-1015                    11

16:06:23   1         THE COURT:  You all may be seated.

16:06:29   2         So you just heard what I said to the jury.  I have

16:06:31   3   about five or eight minutes of preliminary instructions I

16:06:33   4   give to the jury about their duties, and I thought that

16:06:35   5   important to give to them tonight before we start.  My

16:06:39   6   sense is I think I gave you each a half an hour for

16:06:41   7   opening statement.  My sense is that you're probably not

16:06:44   8   planning on taking 15 minutes.

16:06:47   9         So I'm inclined, even though I want to try to keep

16:06:50   10  things moving as timely as possible, I don't want to do

16:06:53   11  one party's opening statement tonight and the next one

16:06:57   12  tomorrow.  I'm inclined to think that we're probably not

16:07:00   13  going to get opening statements in today.

16:07:02   14        I wouldn't mind pushing five or ten minutes late

16:07:09   15  but I left that just a bit deliberately ambiguous with

16:07:12   16  the jury.  What do you all think, are we better doing

16:07:16   17  opening statements for the morning?

16:07:17   18        MR. HONEYMAN:  Your Honor, I think it would be

16:07:20   19  better for the jury if I did my opening statement and the

16:07:22   20  defense started tomorrow.  That way they'd have an

16:07:24   21  opportunity to consider the merits of our case and not

16:07:27   22  have heard the defendant's.

16:07:29   23        THE COURT:  Well, I know -- --

16:07:30   24        MR. HONEYMAN:  Does that seem fair?

16:07:31   25        THE COURT:  -- although defense may not realize

16:07:33    1    that, so I recognize your --

16:07:35    2          MR. HONEYMAN:  Well, it's your decision.

16:07:39    3          THE COURT:  Mr. Gibson, do you have anything you

16:07:41    4    want to say to sort of correct your co-counsel?

16:07:45    5          MR. HONEYMAN:  No, tomorrow makes sense.

16:07:48    6          MR. GIBSON:  We're very keen on trying to get this

16:07:50    7    trial done and done efficiently, so we'd love to take the

16:07:54    8    time today to try to make progress, but if Your Honor

16:07:57    9    cannot or does not want to keep them past 5:00, then

16:08:00   10    there's no way we can do it.

16:08:02   11          THE COURT:  I'm perfectly happy to keep them a

16:08:04   12    little bit afterwards.  I'm guessing, though -- I'm

16:08:06   13    assuming, first of all that's correct both of you are

16:08:08   14    probably going to use your full 30 minutes.

16:08:10   15          MR. GIBSON:  I do, so it seems like tomorrow is

16:08:12   16    probably best.

16:08:13   17          MR. EYLER:  I think we'll likely use not maybe the

16:08:16   18    full time but most of it, Your Honor, 20, 25 minutes.

16:08:19   19          THE COURT:  The fact of the matter is we'd be here

16:08:24   20    after 5:30.  I think we'll start tomorrow at 8:30 with

16:08:28   21    opening statements and go to evidence at that point.  I

16:08:31   22    think that's probably our better call, given our time:

16:08:34   23          So as I said, I'm going to have the jury come

16:08:37   24    back, I'll give them some preliminary instructions

16:08:40   25    regarding the jury, as well as my typical admonition

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 13 of 33
5-14-18  EIG vs. CHS  Case No. 16-1015

13

16:08:43   1   before they go home for the evening but then inform them

16:08:46   2   we'll start 8:30 tomorrow with opening statements.

16:08:49   3          I mentioned to you at the limine conference I

16:08:53   4   thought we'd do our instruction conference -- you can

16:08:56   5   have a seat, but I thought we'd do our instruction

16:08:58   6   conference over the noon hour.  Having spent my Mother's

16:09:04   7   Day weekend with your draft instructions, I'm disinclined

16:09:08   8   to think we're going to get through an instruction

16:09:10   9   conference, including verdict forms, in a lunch hour

16:09:13   10  period, plus it occurred to me that one or two of you

16:09:16   11  might want to eat.

16:09:17   12         Furthermore, it strikes me that there are more

16:09:20   13  differences in the instructions than I may have hoped

16:09:23   14  for.  So it seems to me that some of these issues may

16:09:26   15  really resolve what types of evidence or claims come into

16:09:29   16  the case, so at this point it's my inclination to do our

16:09:32   17  instruction conference Wednesday, I'm going to say

16:09:35   18  evening.  It kind of depends on how the evidence goes.

16:09:37   19         I'm hopeful that with tomorrow and Wednesday we

16:09:41   20  may get most of the witnesses in.  If we're done with all

16:09:48   21  the witnesses Wednesday late afternoon, we'll do an

16:09:51   22  instruction conference then, if not, we'll do it at 5:00

16:09:54   23  o'clock.  But I think now we're going to do an

16:09:57   24  instruction conference Wednesday after we've finished

16:10:01   25  with evidence for the day rather than tomorrow over the

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 14 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

14

| | | |
|---|---|---|
| 16:10:06 | 1 | lunch hour. |
| 16:10:07 | 2 | I just don't think my initial plan is feasible, so |
| 16:10:10 | 3 | I want to let you know that, plus I don't have draft |
| 16:10:13 | 4 | instructions ready for you, although I will by tomorrow, |
| 16:10:15 | 5 | for you to look at prior to our instruction conference on |
| 16:10:18 | 6 | Wednesday. |
| 16:10:18 | 7 | The verdict form, I'm trying to keep the verdict |
| 16:10:24 | 8 | form from looking like a long Form 1040 income tax |
| 16:10:27 | 9 | return, but I'm not sure how much success I'm going to |
| 16:10:30 | 10 | have with that.  But in any event, I'll have something on |
| 16:10:32 | 11 | both of those for you tomorrow and I think we'll do the |
| 16:10:35 | 12 | instruction conference Wednesday after evidence.  I'm |
| 16:10:40 | 13 | hopeful that we'll get evidence done by Wednesday. |
| 16:10:42 | 14 | Is that delusional?  Realistic? |
| 16:10:45 | 15 | MR. GIBSON:  Just my own opinion is I'm skeptical, |
| 16:10:48 | 16 | given that we were hoping to maybe start a witness today |
| 16:10:52 | 17 | or get a witness done. |
| 16:10:53 | 18 | THE COURT:  Yeah, I thought that, too, but that |
| 16:10:55 | 19 | was unrealistic on my part, I think. |
| 16:10:56 | 20 | MR. GIBSON:  Yeah, so we're going to work |
| 16:10:58 | 21 | efficiently and quickly as we can but I'm a little |
| 16:11:02 | 22 | skeptical. |
| 16:11:02 | 23 | MR. HANSEN:  We're hopeful.  We'd like to move it |
| 16:11:04 | 24 | along as quickly as possible and we're happy to make any |
| 16:11:07 | 25 | scheduling changes we can, Your Honor. |

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 15 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

15

| | | |
|---|---|---|
| 16:11:09 | 1 | THE COURT:  Well, we'll just see how we'll go.  In |
| 16:11:13 | 2 | any event, we'll instruct and argue on Thursday.  My |
| 16:11:15 | 3 | guess is that given complexity of the decisions the |
| 16:11:20 | 4 | jury's going to have to reach in this case, they're going |
| 16:11:22 | 5 | to need a fair amount of time to deliberate.  I'm not |
| 16:11:24 | 6 | here Friday.  I don't think it's prudent to have some |
| 16:11:29 | 7 | other judge try to answer questions that may come in, so |
| 16:11:33 | 8 | I will, if they don't reach a verdict by the close of |
| 16:11:37 | 9 | Thursday, I'll tell them to come back Monday. |
| 16:11:39 | 10 | MR. GIBSON:  Okay. |
| 16:11:40 | 11 | THE COURT:  Anything else we need to take up |
| 16:11:43 | 12 | logistically at this point? |
| 16:11:44 | 13 | MR. HONEYMAN:  No, Your Honor. |
| 16:11:44 | 14 | MR. GIBSON:  (Shaking head.) |
| 16:11:45 | 15 | THE COURT:  All right.  Well, let's take about ten |
| 16:11:47 | 16 | minutes. |
| 16:11:48 | 17 | She's going to -- Ms. McKee is doing orientation |
| 16:11:53 | 18 | with the jury.  We're going to reorganize the courtroom a |
| 16:11:56 | 19 | bit, and then the jury will come back and I'll give them |
| 16:11:59 | 20 | preliminary instructions, so I'm guessing if you all are |
| 16:12:01 | 21 | back in ten minutes, that should be about right for the |
| 16:12:04 | 22 | jury, and we'll proceed there and we'll end before 5:00 |
| 16:12:08 | 23 | tonight.  We're in recess. |
| 16:12:09 | 24 | CLERK BODECKER:  All rise. |
| 16:12:16 | 25 | (A recess was taken from 4:12 p.m. to 4:31 p.m.) |

| | | |
|---|---|---|
| 16:30:54 | 1 | THE REPORTER:  All rise. |
| 16:30:55 | 2 | THE COURT:  Nope, that's fine. |
| 16:30:56 | 3 | Jury's on their way in. |
| 16:30:59 | 4 | (The jury returned to the courtroom, after which |
| 16:31:29 | 5 | the following proceedings were had.) |
| 16:31:30 | 6 | THE COURT:  You may be seated.  Welcome back, |
| 16:31:33 | 7 | ladies and gentlemen of the jury.  Now that you've been |
| 16:31:38 | 8 | sworn, I want to give you some preliminary instructions |
| 16:31:41 | 9 | that's going to guide your instructions on the trial. |
| 16:31:44 | 10 | I'll give you these preliminary instructions this evening |
| 16:31:47 | 11 | and then we will recess for the evening a bit early. |
| 16:31:49 | 12 | We'll come back tomorrow morning at 8:30, you'll hear |
| 16:31:52 | 13 | opening statements then and we'll begin with evidence |
| 16:31:56 | 14 | tomorrow morning. |
| 16:31:56 | 15 | When I give you final instructions at the |
| 16:31:59 | 16 | conclusion of the trial, I'll give you written copies of |
| 16:32:02 | 17 | those instructions.  I'm not going to give you written |
| 16:32:04 | 18 | copies of these preliminary guidelines that I want to |
| 16:32:06 | 19 | give you now, but if you want, you can make whatever |
| 16:32:10 | 20 | notes you feel would be helpful as we do that. |
| 16:32:12 | 21 | Alicia, would you pull the witness stand |
| 16:32:15 | 22 | microphone down?  It's completely blocking my view of one |
| 16:32:19 | 23 | of the jurors.  That one, in fact.  Thank you. |
| 16:32:23 | 24 | As the jury, it's going to be your duty to find |
| 16:32:29 | 25 | from the evidence what the facts are.  You, the jury, and |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 17 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015                    17

16:32:35  1   you alone, are the judges of the facts.  You'll have to

16:32:40  2   apply those facts to the law as I will give it to you,

16:32:43  3   and you must follow the law, whether you may agree with

16:32:47  4   it or not.

16:32:49  5        Nothing that I say or do during the course of this

16:32:51  6   trial is intended to indicate what I think your verdict

16:32:56  7   as to the facts should be, and you should not take

16:32:58  8   anything that I say or do as indicating that.  That is a

16:33:01  9   decision for you, the jury, alone.

16:33:04  10       As jurors, you must decide this case based solely

16:33:07  11  on the evidence that's presented here in this courtroom.

16:33:11  12  You should not conduct any independent investigation into

16:33:15  13  any -- or any research into any of the matters at issue

16:33:18  14  in this case, or any of the parties involved in this

16:33:20  15  case, or any of the witnesses or the lawyers involved in

16:33:24  16  the case.

16:33:24  17       You all, no doubt, have Internet access at home,

16:33:27  18  and most of you probably have mobile devices that allow

16:33:30  19  you to access the Internet when you're out and about, and

16:33:34  20  today probably the most common thing in the world is for

16:33:36  21  us to jump on Google or something else and look up

16:33:40  22  matters that are of interest to us so that we can learn

16:33:42  23  more about it.  But it's critically important that at

16:33:48  24  this trial you not do that.

16:33:49  25       Your sworn duty is to decide this case based

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 18 of 33

5-14-18   EIG vs. CHS   Case No. 16-1015

18

| | | |
|---|---|---|
| 16:33:55 | 1 | solely on the facts that you hear presented in this |
| 16:34:00 | 2 | courtroom, and to consult or consider any other facts |
| 16:34:03 | 3 | would be a violation of your duty as jurors. So don't |
| 16:34:08 | 4 | look at the Internet and I don't know to the extent that |
| 16:34:14 | 5 | you have dictionaries or encyclopedias or all of that old |
| 16:34:18 | 6 | 20th Century stuff at home, don't look at those, either. |
| 16:34:22 | 7 | Base your decision and your determination solely |
| 16:34:25 | 8 | on what you hear presented in this courtroom. The |
| 16:34:28 | 9 | evidence which you will hear will consist -- the evidence |
| 16:34:30 | 10 | you will hear and decide the facts will consist of |
| 16:34:34 | 11 | testimony of witnesses, documents or other things that |
| 16:34:36 | 12 | may be introduced into evidence, and lawyers may agree to |
| 16:34:39 | 13 | or stipulate to some facts. |
| 16:34:41 | 14 | A stipulation is something where they both agree |
| 16:34:43 | 15 | that this is a fact and so you should consider it that |
| 16:34:46 | 16 | way. Or I may instruct you, possibly, that there are |
| 16:34:49 | 17 | certain things you should find or consider as facts in |
| 16:34:51 | 18 | this case. But there are some things that are not |
| 16:34:54 | 19 | evidence and so should not be considered by you as |
| 16:34:58 | 20 | evidence in your determination as to what the facts in |
| 16:35:01 | 21 | this case are, and I want to highlight a few of those for |
| 16:35:05 | 22 | you. |
| 16:35:05 | 23 | First of all, statements, and arguments, and |
| 16:35:09 | 24 | questions by the lawyers are not facts. Lawyers will ask |
| 16:35:15 | 25 | questions. They may make objections. They may make |

16:35:18  1  statements.  But what the lawyers say are not facts.

16:35:21  2  Only statements from witnesses in this witness box are

16:35:25  3  statements that you may consider as evidence in this

16:35:27  4  case, along with documents or other issues I just

16:35:31  5  identified.

16:35:31  6      Furthermore, objections to questions are not

16:35:35  7  evidence.  The lawyers have an obligation and a duty to

16:35:39  8  their clients to object if they believe that the evidence

16:35:43  9  being offered is improper under our Federal Rules of

16:35:48  10  Evidence.  You should not be influenced by that

16:35:51  11  objection, nor should you be influenced by my ruling on

16:35:54  12  it.  Objections as to evidentiary issues are questions of

16:35:57  13  law for me.

16:35:59  14      If I overrule the objection, then you should weigh

16:36:03  15  the answer that's received otherwise the same as you

16:36:07  16  would any other answer.  If I sustain the objection, you

16:36:11  17  should ignore the question and not try to guess at what

16:36:14  18  you think the answer might have been.

16:36:16  19      If I sustain an objection and order some evidence

16:36:20  20  or some statements that have already been made to be

16:36:22  21  stricken from the record, then you should follow my

16:36:25  22  instructions in that regard as well and not consider

16:36:28  23  anything that I tell you to be stricken.

16:36:32  24      Finally, as I've kind of indicated, anything you

16:36:35  25  see or hear outside of this courtroom is not evidence and

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 20 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

20

16:36:40  1  should be disregarded.  That involves -- I mean, that

16:36:42  2  concerns not only matters you may have researched on the

16:36:45  3  Internet but any independent investigations that you may

16:36:49  4  think about making otherwise.  You should not do any of

16:36:53  5  that.

16:36:53  6      There are two kinds of evidence that you will hear

16:36:56  7  in this case:  direct evidence and circumstantial

16:37:00  8  evidence.  Direct evidence is proof of a fact, such as

16:37:04  9  testimony by an eyewitness who saw something that was

16:37:07  10  involved.  Circumstantial evidence is proof of some facts

16:37:12  11  from which you may conclude that other facts must also

16:37:17  12  exist.  You're entitled to consider both types of

16:37:21  13  evidence, direct and circumstantial, and you're entitled

16:37:24  14  to give both kinds of evidence such weight as you deem

16:37:27  15  appropriate.  Questions of weight for the evidence are

16:37:30  16  questions for you.

16:37:31  17      I'll talk to you more about this at the end of the

16:37:33  18  trial when I give you my instructions on the law.

16:37:35  19  Ultimately, it will be up to you to decide which

16:37:40  20  witnesses to believe, which witnesses not to believe, and

16:37:44  21  how much of any witness's testimony to believe or to

16:37:48  22  disbelieve.

16:37:49  23      I think in this trial you're going to hear some

16:37:51  24  evidence that will be presented to you from a deposition.

16:37:55  25  A deposition is the sworn recorded answers to questions

16:38:00  1  that were asked by lawyers before the trial given to a

16:38:05  2  witness.  It's much like happens in a trial, except it

16:38:08  3  happened previously, there was a court reporter present

16:38:10  4  who recorded the questions and the answers, the lawyers

16:38:14  5  asked the witness the questions, the witness was under

16:38:16  6  oath, and she provided answers to those questions.

16:38:21  7         Those questions and answers will be presented to

16:38:24  8  you from the deposition for your consideration in the

16:38:26  9  trial, and deposition testimony is entitled to the same

16:38:30  10 consideration by you as if the witness had happened in

16:38:34  11 person in the courtroom and had been asked the questions

16:38:38  12 and had given the answers that you will see in the

16:38:45  13 deposition.

16:38:45  14        This is a civil case.  In a civil case the

16:38:48  15 plaintiff has the burden of proving its case by what is

16:38:53  16 called the preponderance of the evidence.  You'll hear

16:38:54  17 that as to certain defenses that may be offered the

16:38:58  18 defendant may have the burden as to those, and I'll

16:39:01  19 instruct you as to what those are at the appropriate

16:39:03  20 time.

16:39:03  21        Preponderance of the evidence is a burden of

16:39:07  22 proof, and that simply means that the party with the

16:39:11  23 burden of proof, generally the plaintiff, must provide

16:39:13  24 evidence to you which, when considered in light of all

16:39:17  25 the facts brought in at this trial, leads you to believe

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 22 of 33

5-14-18   EIG vs. CHS   Case No. 16-1015

22

16:39:22   1   that the claims asserted are more likely true than not

16:39:26   2   true.

16:39:27   3        To put that another way, if the evidence were put

16:39:30   4   on opposite sides of the scales, the party having the

16:39:34   5   burden of proof must make the scales tip somewhat in its

16:39:39   6   favor.  If the party having that burden of proof fails to

16:39:43   7   carry that burden of proof, even if the matters are

16:39:46   8   completely equally balanced, then your verdict must be

16:39:50   9   against the party having the burden of proof.

16:39:54   10       You may be aware that in a criminal case the

16:39:57   11  burden of proof is proof beyond a reasonable doubt.  That

16:40:00   12  has no place or no role in a civil case, and you should

16:40:04   13  not put that burden of proof -- you should not consider

16:40:07   14  that burden of proof at all.

16:40:09   15       Let me give you a few words about your conduct as

16:40:12   16  jurors.  First of all, I'm instructing you that during

16:40:16   17  the course of this trial you should not discuss this case

16:40:19   18  or anything about this case with anyone or permit anyone

16:40:24   19  to discuss it with you or to discuss it in your presence.

16:40:29   20       As to those that you'll come to recognize as

16:40:31   21  having some connection with this case, such as the

16:40:34   22  attorneys or the parties or the witnesses, you should

16:40:38   23  have no conversation with them at all.  If you see them

16:40:43   24  in the hallway or on the street, you should simply ignore

16:40:48   25  them.  And they will ignore you.  And it's not that

| | |
|---|---|
| 16:40:53 | 1 you're being rude or that they're being rude, because I'm |
| 16:40:55 | 2 also ordering them not to have any conversation with you. |
| 16:40:58 | 3 And the reason for that is quite simple: |
| 16:41:00 | 4     If someone were to see a juror and an attorney or |
| 16:41:03 | 5 a witness or a party having a conversation outside of the |
| 16:41:06 | 6 courtroom, we may have to have a brief hearing to |
| 16:41:09 | 7 discover what was said and whether it impacted the trial, |
| 16:41:12 | 8 even if you were just discussing the weather or last |
| 16:41:16 | 9 night's game.  And obviously that can become |
| 16:41:19 | 10 time-consuming and cumbersome, and so it's best to have |
| 16:41:22 | 11 no conversations with any of the people involved with the |
| 16:41:24 | 12 trial whatsoever, and they'll have no conversation with |
| 16:41:28 | 13 you. |
| 16:41:28 | 14     Besides those, you should not discuss with anyone |
| 16:41:32 | 15 else anything related to this case, facts, evidence, |
| 16:41:37 | 16 witnesses, parties, nothing.  And, in fact, until all the |
| 16:41:40 | 17 evidence is submitted to you, and you've heard closing |
| 16:41:42 | 18 arguments and instructions on the law, I'm instructing |
| 16:41:46 | 19 you to not even discuss the case with each other. |
| 16:41:50 | 20     After you retire to the jury room to deliberate, |
| 16:41:53 | 21 of course, you can then begin discussing the case and |
| 16:41:56 | 22 working together on your verdict in that, but prior to |
| 16:42:00 | 23 that, don't discuss it with each other, and certainly at |
| 16:42:02 | 24 no point until I've received a verdict from you and have |
| 16:42:05 | 25 discharged you should you discuss this case with anyone |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 24 of 33

5-14-18   EIG vs. CHS   Case No. 16-1015

24

| | | |
|---|---|---|
| 16:42:09 | 1 | else. |
| 16:42:09 | 2 | And that means not only you should not talk to |
| 16:42:12 | 3 | them about it, it also means you shouldn't text them or |
| 16:42:15 | 4 | email them or post status updates on Facebook or put |
| 16:42:21 | 5 | something on a blog. And I'm quickly starting to talk |
| 16:42:24 | 6 | about things I don't even have any familiarity with. |
| 16:42:27 | 7 | Just don't do it. Don't make any communication of any |
| 16:42:31 | 8 | type whatsoever about anything involving anything to do |
| 16:42:38 | 9 | with this trial. |
| 16:42:38 | 10 | Now, there are two very narrow exceptions to what |
| 16:42:42 | 11 | I've just said. First of all, with respect to your |
| 16:42:45 | 12 | family and your employers, you may tell them that you've |
| 16:42:48 | 13 | been selected for a jury, and that here's what your |
| 16:42:52 | 14 | anticipated schedule is, through Thursday of this week, |
| 16:42:56 | 15 | possibly into Monday of next week. And that's it: |
| 16:43:03 | 16 | You're on the jury, here's your schedule, nothing more. |
| 16:43:06 | 17 | Don't tell them what the claims in the case is. |
| 16:43:09 | 18 | Don't tell them who the parties are, what the issues that |
| 16:43:13 | 19 | you're being asked to decide. Tell them nothing at all |
| 16:43:16 | 20 | about the case other than your schedule until the trial's |
| 16:43:23 | 21 | completely over and I've discharged you. |
| 16:43:24 | 22 | If any of you anticipate problems with your |
| 16:43:27 | 23 | employer, let me know or let my staff know. If |
| 16:43:31 | 24 | necessary, I can contact them on your behalf and explain |
| 16:43:33 | 25 | to them that under federal law they cannot hold your |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 25 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

25

16:43:36   1  service on a jury against you with respect to your

16:43:39   2  employment in any way.

16:43:41   3       I don't think we'll have any press coverage on

16:43:45   4  this trial, but in the event we do, don't pay any

16:43:49   5  attention to it.  With all due respect to the media,

16:43:51   6  you're here, you're hearing everything, you're going to

16:43:54   7  have a better feel for what they -- than what they have

16:43:56   8  anyway, so in the event, which again I think is unlikely,

16:43:59   9  that there's any newspaper or media coverage on this,

16:44:03  10  ignore it.

16:44:04  11       As I said, don't make any independent research of

16:44:06  12  your own, and, finally, very importantly, don't start to

16:44:11  13  form any opinion until all the evidence is in.  Keep an

16:44:14  14  open mind, consider the evidence, but don't start drawing

16:44:18  15  conclusions on it until you've heard all the evidence and

16:44:21  16  then you retire together as a jury to the jury room to

16:44:24  17  deliberate on your verdict.

16:44:26  18       If you want to during the trial, you may take

16:44:30  19  notes and we've given you notebooks that you may make

16:44:34  20  notes in.  You don't have to.  That's entirely up to you.

16:44:37  21  If you do take notes, they're just for your personal use.

16:44:40  22  They shouldn't be shared with or read by other jurors,

16:44:43  23  and we are requiring you leave those notes in the jury

16:44:47  24  room when you go home at night.

16:44:48  25       The court reporter's making an official record of

5-14-18  EIG vs. CHS  Case No. 16-1015

26

16:44:50  1  this trial.  That's really primarily for posttrial

16:44:55  2  proceedings like appeals or whatever.  You shouldn't

16:44:57  3  assume that there will be a typewritten transcript of the

16:45:00  4  trial for you to read or to be read back to you later on.

16:45:07  5       The trial will begin tomorrow morning.  The

16:45:11  6  plaintiff, who has the burden of proof, will make its

16:45:14  7  opening statement.  The defendant will then make its

16:45:17  8  opening statement.  Technically in a trial usually the

16:45:21  9  plaintiff's case goes on first, but as I've explained to

16:45:24  10  you, both sides are calling the same witnesses, so in

16:45:28  11  sort of a sense both sides will be putting on their case

16:45:31  12  together, as you hear the evidence that comes in, because

16:45:34  13  each witness, both sides will inquire of and then they'll

16:45:38  14  cross-examine them as to evidence they've given to the

16:45:40  15  other side.  But, of course, at the end the plaintiff

16:45:44  16  still has the primary burden of proof to prove its claims

16:45:46  17  in this case.

16:45:47  18       After you've heard the opening statements and then

16:45:50  19  the testimony of the witnesses, I'll give you

16:45:53  20  instructions on the law that will guide your

16:45:59  21  deliberations.  Both parties will then give you their

16:46:01  22  closing arguments, in which they will suggest to you how

16:46:04  23  they believe you should interpret the evidence you've

16:46:05  24  heard, in light of the instructions on the law that I've

16:46:08  25  given to you, and then you will retire to deliberate on

Case 6:16-cv-01015-EFM    Document 165    Filed 05/14/18    Page 27 of 33

5-14-18   EIG vs. CHS   Case No. 16-1015                    27

| | | |
|---|---|---|
| 16:46:11 | 1 | your verdict. |
| 16:46:12 | 2 | I'm going to recess the trial for the evening at |
| 16:46:17 | 3 | this point.  And I just want to remind you of when you're |
| 16:46:20 | 4 | home, particularly when people hear that you've been -- |
| 16:46:22 | 5 | or your family, that you've been selected for a jury, |
| 16:46:25 | 6 | they'll be interested, they'll have lots of questions, |
| 16:46:27 | 7 | they'll want to know what the case is about, what the |
| 16:46:30 | 8 | lawyers are like.  You can't tell them a thing.  Just |
| 16:46:37 | 9 | remember the admonition of the Court.  Don't talk about |
| 16:46:39 | 10 | anything about this case with anyone or let them discuss |
| 16:46:41 | 11 | it with you, and we'll see you tomorrow morning at 8:30. |
| 16:46:45 | 12 | We'll be in recess until then.  Have a good |
| 16:46:48 | 13 | evening. |
| 16:46:50 | 14 | (The jury leaves the courtroom, after which the |
| 16:47:12 | 15 | following proceedings were had.) |
| 16:47:12 | 16 | THE COURT:  You may be seated.  Anything else we |
| 16:47:13 | 17 | need to discuss this evening? |
| 16:47:15 | 18 | MR. GIBSON:  Yes, Judge, there are just a couple |
| 16:47:17 | 19 | housekeeping things I think would be good.  Number one is |
| 16:47:20 | 20 | we anticipate, because you may recall from pretrial |
| 16:47:24 | 21 | conference Mr. Loving needed the ability to be on and off |
| 16:47:30 | 22 | on Tuesday, so frankly we've had to reorient our |
| 16:47:31 | 23 | anticipated witness to make sure that happens, and so we |
| 16:47:35 | 24 | anticipate that Ms. Kathy Swanson's deposition is going |
| 16:47:38 | 25 | to be played very early in the trial. |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 28 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

28

| | | |
|---|---|---|
| 16:47:39 | 1 | THE COURT:  All right. |
| 16:47:39 | 2 | MR. GIBSON:  And so there is one matter that |
| 16:47:43 | 3 | there's an objection to that we would need a ruling for, |
| 16:47:47 | 4 | and if it's possible to get it before we leave today so |
| 16:47:49 | 5 | we can cut the video tonight -- |
| 16:47:51 | 6 | THE COURT:  All right. |
| 16:47:51 | 7 | MR. GIBSON:  -- we would -- I think both sides |
| 16:47:53 | 8 | would appreciate that, frankly.  I know we would. |
| 16:47:55 | 9 | And then I'm going to get some help but I believe |
| 16:47:58 | 10 | we have a joint exhibit list, and I think it's been |
| 16:48:01 | 11 | checked by everybody but, I'm -- if not, I'd like to -- |
| 16:48:04 | 12 | we might be able to get that to you. |
| 16:48:07 | 13 | THE COURT:  Oh, we have a joint exhibit list, all |
| 16:48:09 | 14 | right. |
| 16:48:09 | 15 | MR. GIBSON:  That includes every -- we all checked |
| 16:48:11 | 16 | off on those that are admitted by agreement and so |
| 16:48:15 | 17 | everyone knows the status, and there are some that aren't |
| 16:48:17 | 18 | admitted -- |
| 16:48:18 | 19 | THE COURT:  Certainly. |
| 16:48:18 | 20 | MR. GIBSON:  -- but I think it will help everybody |
| 16:48:20 | 21 | know what is and isn't in. |
| 16:48:22 | 22 | THE COURT:  Well, if you can provide that to me at |
| 16:48:24 | 23 | least by start of trial tomorrow so I can track exhibits |
| 16:48:26 | 24 | as they come in, if you need to double check with each |
| 16:48:28 | 25 | other tonight, that's fine. |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 29 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

29

| | | |
|---|---|---|
| 16:48:29 | 1 | How do you want me to address the issue arising |
| 16:48:31 | 2 | from the deposition? |
| 16:48:32 | 3 | MR. GIBSON:  You have the -- |
| 16:48:35 | 4 | MR. HANSEN:  Your Honor, I have a copy of the page |
| 16:48:37 | 5 | with the two questions and answers.  The objections |
| 16:48:39 | 6 | themselves are relatively simple.  It's, you know, that |
| 16:48:41 | 7 | the witness doesn't have foundation to testify and that |
| 16:48:43 | 8 | it calls for a legal -- the questions call for a legal |
| 16:48:46 | 9 | conclusion. |
| 16:48:46 | 10 | THE COURT:  Do you have a transcript of it? |
| 16:48:47 | 11 | MR. HANSEN:  Yes, sir. |
| 16:48:48 | 12 | THE COURT:  All right, let me see it. |
| 16:48:56 | 13 | MR. HANSEN:  Your Honor, let me get the previous |
| 16:48:57 | 14 | page, in case you need that for context. |
| 16:49:05 | 15 | THE COURT:  Yes, the first thing it says "same |
| 16:49:08 | 16 | objection."  Thank you. |
| 16:49:17 | 17 | (Brief pause.) |
| 16:49:17 | 18 | THE COURT:  It's the two blue highlights you're |
| 16:49:27 | 19 | asking me to rule on? |
| 16:49:27 | 20 | MR. HANSEN:  And, Your Honor, the yellow |
| 16:49:28 | 21 | highlighting is plaintiff's designation. |
| 16:49:32 | 22 | MR. GIBSON:  That's right, we're offering -- |
| 16:49:33 | 23 | MR. HANSEN:  The yellow highlighting indicates |
| 16:49:41 | 24 | that it's the plaintiff's designation, the blue |
| 16:49:44 | 25 | highlighting indicates that it's the defendant counter |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 30 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

30

| | | |
|---|---|---|
| 16:49:48 | 1 | designation, and the objection in blue is the |
| 16:49:51 | 2 | defendant's. |
| 16:49:53 | 3 | (Brief pause.) |
| 16:50:13 | 4 | THE COURT:  Well, as to the first question, the |
| 16:50:16 | 5 | objection is as to whether the opinion that she's being |
| 16:50:20 | 6 | solicited to give calls for a legal conclusion.  And |
| 16:50:25 | 7 | although I understand the witness is not a lawyer, she |
| 16:50:29 | 8 | gave a very lawyerly like answer; she didn't answer the |
| 16:50:32 | 9 | question. |
| 16:50:34 | 10 | So the question was, do you think it's legally |
| 16:50:38 | 11 | permissible to forward the email, and she says I did what |
| 16:50:43 | 12 | I was told, I never thought about that line. |
| 16:50:49 | 13 | So I guess my first question is, given that your |
| 16:50:54 | 14 | objection is unaffected by the answer, what's the -- |
| 16:51:00 | 15 | what's your position at this point? |
| 16:51:01 | 16 | MR. HANSEN:  Your Honor, I took those two |
| 16:51:04 | 17 | questions and answers together, I guess in my mind that |
| 16:51:08 | 18 | those two called for legal conclusions to something which |
| 16:51:12 | 19 | she did not have foundation as well. |
| 16:51:14 | 20 | And the second answer, she clearly indicates that, |
| 16:51:18 | 21 | no, she makes the legal conclusion. |
| 16:51:20 | 22 | THE COURT:  Oh, here it is.  No, period, |
| 16:51:24 | 23 | paragraph, I almost missed it. |
| 16:51:27 | 24 | Mr. Gibson? |
| 16:51:28 | 25 | MR. GIBSON:  Judge, Ms. Swanson was the person |

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 31 of 33
5-14-18  EIG vs. CHS  Case No. 16-1015

31

16:51:32  1  that is named and received the annual renewals or at

16:51:36  2  least biannual renewals.  She was the person that pulled

16:51:39  3  down -- we believe the evidence will show, Your Honor,

16:51:40  4  that she's the one who pulled down the issue.

16:51:43  5      THE COURT:  Right, I recall.

16:51:44  6      MR. GIBSON:  She's the one who sent it to others.

16:51:46  7  And so -- and none of the questions actually call for, Is

16:51:51  8  this copyright infringement, it's just did you understand

16:51:53  9  this was permissible or not.

16:51:54  10     THE COURT:  Well, it's permissible under the law.

16:51:56  11     MR. GIBSON:  Well, it's not what it says.  That --

16:51:58  12  it --

16:51:58  13     THE COURT:  What else would it be referring to?

16:52:00  14     MR. GIBSON:  Whether it was permissible under what

16:52:02  15  she understood their subscription to be.

16:52:06  16     THE COURT:  I'm going to sustain both objections.

16:52:09  17  I do see that they move in tandem.

16:52:11  18     I think ultimately that's the question that the

16:52:13  19  jury's going to be asked to decide.  I think it's an

16:52:17  20  appropriate question.  I see it was asked and answered

16:52:19  21  without objection as to whether she saw the restrictions

16:52:23  22  on whatever the restrictions were.

16:52:26  23     But as to her actions and what she did, I think

16:52:30  24  that's probably ultimately going to be a question for the

16:52:32  25  jury so I'm going to sustain both objections.

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 32 of 33

5-14-18  EIG vs. CHS  Case No. 16-1015

32

16:52:34    1          MR. GIBSON:  Okay, so we'll make our video cut.

16:52:37    2          THE COURT:  Great.  Thank you.  Anything else we

16:52:38    3   need to talk about tonight?

16:52:40    4          All right, hearing nothing --

16:52:41    5          MR. GIBSON:  We're good.

16:52:42    6          THE COURT:  -- we'll start at 8:30 tomorrow

16:52:45    7   morning.  I intend to go at least to 5:00 maybe shortly

16:52:48    8   afterwards if necessary to wrap up whatever we're on, and

16:52:51    9   I'd remind you that I'd prefer that whoever's examining

16:52:54   10   the witness indicate an appropriate time for morning and

16:52:58   11   afternoon recess and a noon recess so as to not

16:53:00   12   unnecessarily disrupt the flow of evidence.

16:53:02   13          We'll be in recess until 8:30 tomorrow morning.

16:53:06   14          MR. GIBSON:  Thank you.

16:53:07   15          CLERK BODECKER:  All rise.

16:53:08   16          (Whereupon, the proceedings were adjourned at 4:53

           17   p.m.)

           18

           19

           20

           21

           22

           23

           24

           25

Case 6:16-cv-01015-EFM   Document 165   Filed 05/14/18   Page 33 of 33
5-14-18   EIG vs. CHS   Case No. 16-1015

33

1                    C E R T I F I C A T E

2      I, Johanna L. Wilkinson, United States Court Reporter

3  in and for the District of Kansas, do hereby certify:

4          That the above and foregoing proceedings were

5  taken by me at said time and place in stenotype;

6          That thereafter said proceedings were transcribed

7  under my direction and supervision by means of

8  computer-aided transcription, and that the above and

9  foregoing constitutes a full, true and correct transcript

10  of said proceedings;

11          That I am a disinterested person to the said

12  action.

13          IN WITNESS WHEREOF, I hereto set my hand on this

14  the 14th day of May, 2018.

15

16

17      _s/ Johanna L. Wilkinson_____
        Johanna L. Wilkinson, CSR, CRR, RMR
18      United States Court Reporter

19

20

21

22

23

24

25